[Cite as *Robinson v. Ohio Dept. of Transp.* , 2010-Ohio-5832.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

REGINA ROBINSON

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant
   Case No. 2010-04475-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1}  Plaintiff, Regina Robinson, filed this action against defendant, Department of Transportation (ODOT), contending that her 1999 Chevrolet S10 Blazer was damaged as a proximate cause of negligence on the part of ODOT in maintaining a bridge spanning Interstate 71 in Franklin County.  Plaintiff explained that she was traveling on Interstate 71 after exiting from East Broad Street in Columbus "and coming under the bridge a rock fell and cracked my front window."  Plaintiff recalled that the particular damage incident occurred on March 3, 2010.  Plaintiff seeks damage recovery in the amount of $189.21, the total cost of a replacement windshield.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2}  Defendant advised that the particular section of Interstate 71 "on the date of plaintiff's alleged incident" was within the limits of a working construction project under the  control of ODOT contractor Terrance Construction Company Inc. (Terrance). Defendant related that the construction project "dealt with repairing existing Bridge No. FRA-40-1756 in Franklin County."  Defendant explained that this bridge spanning Interstate 71 was under  the control of Terrance and consequently ODOT had no

responsibility for any damage or mishaps on the roadway within the construction project limits. Defendant asserted that Terrance by contractual agreement was responsible for maintaining the roadway in the construction area, although all work performed was subject to ODOT requirements and specifications. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

Defendant submitted an e-mail from Terrance Project Coordinator, Charles Orlowski, regarding the condition of the bridge spanning Interstate 71. Orlowski noted that it "appears the bridge deck is falling apart." Orlowski attached a photograph of the bridge deck depicting a sizable area of concrete deterioration exposing several rows of rebar. Orlowski reported that Terrance personnel were working on the bridge on March 3, 2010, but asserted that "our crew time sheets do not indicate any work that would have led to debris falling from the bridge on or prior to the date of (plaintiff's) damage." Orlowski further reported that Terrance Bridge Division Manager, Stewart Lovece, corresponded with ODOT Construction Project Engineer, Thomas G. Makris, and "suggested making full depth repairs as well as installing a false deck under the bridge to catch debris falling from the failing (bridge) surface." Copies of e-mails from Lovece to Makris dated November 18, 2009 and November 27, 2009 were submitted. These e-mails reference the condition of the bridge deck and request advisement about making improvements. Additionally, Lovece notified Makris that an inspection of the bridge revealed "heavy spalling." The trier of fact finds that the object that damaged plaintiff's vehicle spalled from the bridge deck.

**{¶ 5}** Defendant contended that "neither ODOT nor Terrance Construction had notice of rocks falling on I-71 prior to plaintiff's incident." Defendant asserted that plaintiff did not provide any evidence to establish her damage was caused by any conduct attributable to either ODOT or Terrance. Defendant argued that plaintiff failed to offer evidence to prove that the bridge was negligently maintained.

**{¶ 6}** Plaintiff filed a response. Plaintiff recalled that the bridge spanning Interstate 71 was not under construction at the time of her incident.

**{¶ 7}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d at 729, 588 N.E. 2d 864; *Feichtner*, at 354.

{¶ 8}   Ordinarily, in a claim involving roadway defects, plaintiff must prove that either:  1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  The evidence points to the conclusion that plaintiff's damage was proximately caused not only by negligent bridge maintenance but that both ODOT and Terrance had actual notice of the deteriorated bridge condition.

{¶ 9}   This court has previously held ODOT liable for property damage resulting from falling debris.  *Elsey v. Dept. of Transportation* (1989), 89-05775-AD.  Plaintiff has proven, by a preponderance of the evidence, that she sustained property damage as a result of defendant's negligence regarding bridge maintenance.  *Brickner v. ODOT* (1999), 99-10828-AD; *Rini v. ODOT* (1997), 97-05649-AD; *McTear v. Ohio Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118.

{¶ 10} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive.  Consequently, defendant is liable for the damage claimed, $189.21, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

REGINA ROBINSON

  Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2010-04475-AD

Clerk Miles C. Durfey


<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $214.21, which includes the filing fee. Court costs are assessed against defendant.



                                    MILES C. DURFEY
                                      Clerk

Entry cc:

| | |
|---|---|
| Regina Robinson | Jolene M. Molitoris, Director |
| 121 Sherman Avenue | Department of Transportation |
| Columbus, Ohio 43205 | 1980 West Broad Street |
| | Columbus, Ohio 43223 |

RDK/laa
6/30
Filed 8/9/10
Sent to S.C. reporter 11/23/10